UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| APM REPORTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF DEFENSE, *et al.*,<br><br>　　　　　Defendants. | Civil Action No. 21-0619 (ABJ) |

## ANSWER

Defendants, the U.S. Department of Defense, U.S. Central Command, the U.S. Department of the Navy, and the U.S. Marine Corps ("Defendants"), through undersigned counsel, respectfully submits this Answer to the Complaint (ECF No. 1, "Complaint") filed against Defendant by Plaintiff, California Reinvestment Coalition ("Plaintiff'). This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## DEFENSES

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.

## FIRST DEFENSE

The Complaint should be dismissed in whole, or in part, for failure to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exemptions to the FOIA or the Privacy Act.

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's request to the extent that any requested relief exceeds the relief authorized by the FOIA.

**FOURTH DEFENSE**

Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

\* \* \*

**RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT[1]**

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including the relief sought, that are not specifically admitted or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

1. Paragraph 1 contains characterizations of Plaintiff's Complaint and Plaintiff's requested relief under FOIA, to which no responses are required. To the extent a response is

---

[1] For ease of reference only, Defendants' Answer replicates the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

deemed required, Defendants admit that Plaintiff made the FOIA requests at issue in this case and otherwise deny the allegations in Paragraph 1.

## PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Defendants admit paragraph 3.

4. Defendants admit paragraph 4.

5. Defendants admit paragraph 5.

6. Defendants admit paragraph 6.

## JURISDICTION AND VENUE

7. Paragraph 7 contains Plaintiff's allegations concerning jurisdiction, which consist of legal conclusions to which no responses are required. To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction subject to the terms and limitations of FOIA.

8. Paragraph 8 contains Plaintiff's allegations concerning venue, which consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that venue lies in this district for a proper claim under 5 U.S.C. § 552.

## BACKGROUND

9. Paragraph 9 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

10. Paragraph 10 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is

required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

11. Paragraph 11 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

12. Paragraph 12 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

13. Paragraph 13 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

14. Paragraph 14 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

15. Paragraph 15 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

16.     Paragraph 16 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required.  To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

17.     Paragraph 17 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required.  To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

18.     Paragraph 18 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required.  To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

19.     Paragraph 19 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required.  To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

20.     Paragraph 20 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required.  To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

21.     Paragraph 21 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is

required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

22. Paragraph 22 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

23. Paragraph 23 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

24. Paragraph 24 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

25. Paragraph 25 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

26. Paragraph 26 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

27. Paragraph 27 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

28. Paragraph 28 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

29. Paragraph 29 contains opinions and Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required. To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

**JANUARY 30, 2020, FOIA REQUEST TO CENTCOM (HADITHA INVESTIGATION)**

30. Defendants admit that Plaintiff submitted the FOIA request, dated January 30, 2020, and attached to Plaintiff's Complaint as Exhibit 2 (ECF No. 1-1 at 5). To the extent that the allegations in Paragraph 30 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

31. Defendants admit that Plaintiff submitted the FOIA request, dated January 30, 2020, and attached to Plaintiff's Complaint as Exhibit 2 (ECF No. 1-1 at 5). To the extent that the allegations in Paragraph 31 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. The remainder of Paragraph 31 contains a characterization of Plaintiff's Complaint, to which no response is required.

32. Defendants admit paragraph 32.

33. Defendants admit the correspondence attached to Plaintiff's Complaint as Exhibit 3 (ECF No. 1-1 at 7) was sent to Plaintiff.  To the extent that the allegations in Paragraph 33 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

34. Defendants admit the correspondence attached to Plaintiff's Complaint as Exhibit 4 (ECF No. 1-1 at 8) was sent to Plaintiff.  To the extent that the allegations in Paragraph 34 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

35. Defendants admit the correspondence attached to Plaintiff's Complaint as Exhibit 4 (ECF No. 1-1 at 8) was sent to Plaintiff.  To the extent that the allegations in Paragraph 35 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

36. Defendants admit that Plaintiff sent the correspondence attached to Plaintiff's Complaint as Exhibit 5 (ECF No. 1-1 at 11) and that a response was sent to Plaintiff.  To the extent that the allegations in Paragraph 36 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

37. Defendants admit that Plaintiff sent the correspondence attached to Plaintiff's Complaint as Exhibit 5 (ECF No. 1-1 at 11) and that a response was sent to Plaintiff.  To the extent

that the allegations in Paragraph 37 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

38. Defendants admit that Plaintiff sent the correspondence attached to Plaintiff's Complaint as Exhibit 6 (ECF No. 1-1 at 12) and that a response was sent to Plaintiff. To the extent that the allegations in Paragraph 38 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

39. Defendants admit that Plaintiff sent the correspondence attached to Plaintiff's Complaint as Exhibit 6 (ECF No. 1-1 at 12) and that a response was sent to Plaintiff. To the extent that the allegations in Paragraph 39 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

40. Defendants admit that, as of the date Plaintiff filed its Complaint, no records had been produced in response to Item 3 in request reference number USMARCENT # 20202-004153. The remainder of Paragraph 40 consists of legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in this paragraph.

**JANUARY 29, 2020 FOIA REQUEST TO DON (PROSECUTION RECORDS)**

41. Defendants admit that Plaintiff submitted the FOIA request, dated January 29, 2020, and attached to Plaintiff's Complaint as Exhibit 7 (ECF No. 1-1 at 13). To the extent that the allegations in Paragraph 41 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

42. Defendants admit that Plaintiff submitted the FOIA request, dated January 29, 2020, and attached to Plaintiff's Complaint as Exhibit 7 (ECF No. 1-1 at 13).  To the extent that the allegations in Paragraph 42 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

43. Paragraph 43 contains Plaintiff's characterization of alleged background information. These are not allegations of fact pertinent to this FOIA action to which response is required.  To the extent a response is deemed required, these allegations should be stricken from the Complaint pursuant to Rule 12(f) as immaterial and impertinent.

44. Defendants admit paragraph 44.

45. Defendants admit paragraph 45.

46. Defendants admit that, as of the date Plaintiff filed its Complaint, neither an acknowledgment letter nor reference number had been produced in response to the request appended to Plaintiff's Complaint as Exhibit 7 (ECF No. 1-1 at 13).  Defendants otherwise deny the allegations in Paragraph 46.

47. Defendants admit that Plaintiff sent the correspondence attached to Plaintiff's Complaint as Exhibit 8 (ECF No. 1-1 at 16) and that a response was sent to Plaintiff.  To the extent that the allegations in Paragraph 47 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

48. Defendants admit that the email exchange attached to Plaintiff's Complaint as Exhibit 9 (ECF No. 1-2 at 1) occurred.  To the extent that the allegations in Paragraph 48 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that

document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

49. Defendants admit that the email exchange attached to Plaintiff's Complaint as Exhibit 10 (ECF No. 1-2 at 4) occurred. To the extent that the allegations in Paragraph 49 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

50. Defendants admit that the email exchange attached to Plaintiff's Complaint as Exhibit 10 (ECF No. 1-2 at 4) occurred. To the extent that the allegations in Paragraph 50 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

51. Defendants admit that, as of the date Plaintiff filed its Complaint, neither an acknowledgment letter nor reference number had been produced in response to the request appended to Plaintiff's Complaint as Exhibit 7 (ECF No. 1-1 at 13). Defendants otherwise deny the allegations in Paragraph 51.

52. Defendants admit that, as of the date Plaintiff filed its Complaint, no records had been produced in response to the request appended to Plaintiff's Complaint as Exhibit 7 (ECF No. 1-1 at 13). The remainder of Paragraph 52 consists of legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in this paragraph.

**APRIL 18, 2020, FOIA REQUEST TO USMC (PERSONNEL FILES)**

53. Defendants admit that Plaintiff submitted the FOIA request, dated April 18, 2020, and attached to Plaintiff's Complaint as Exhibit 11 (ECF No. 1-2 at 5). To the extent that the

allegations in Paragraph 53 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

54. Defendants admit that Plaintiff submitted the FOIA request, dated April 18, 2020, and attached to Plaintiff's Complaint as Exhibit 11 (ECF No. 1-2 at 5). To the extent that the allegations in Paragraph 54 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

55. Defendants admit that the correspondence attached to Plaintiff's Complaint as Exhibit 12 (ECF No. 1-2 at 9) was sent to Plaintiff. To the extent that the allegations in Paragraph 55 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. The last sentence in Paragraph 55 consists of legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in the last sentence of the paragraph.

56. Defendants admit that the correspondence attached to Plaintiff's Complaint as Exhibit 12 (ECF No. 1-2 at 9) was sent to Plaintiff. To the extent that the allegations in Paragraph 56 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

57. Defendants admit that the correspondence attached to Plaintiff's Complaint as Exhibit 13 (ECF No. 1-2 at 11) occurred. To the extent that the allegations in Paragraph 57 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that

document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

58. Defendants admit that the correspondence attached to Plaintiff's Complaint as Exhibit 13 (ECF No. 1-2 at 11) occurred. To the extent that the allegations in Paragraph 58 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

59. Defendants admit that the correspondence attached to Plaintiff's Complaint as Exhibit 14 (ECF No. 1-2 at 13) occurred. To the extent that the allegations in Paragraph 59 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

60. Defendants admit that the correspondence attached to Plaintiff's Complaint as Exhibit 14 (ECF No. 1-2 at 13) occurred. To the extent that the allegations in Paragraph 60 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

61. Defendants admit that the correspondence attached to Plaintiff's Complaint as Exhibit 15 (ECF No. 1-2 at 14) occurred. To the extent that the allegations in Paragraph 61 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

62. Defendants admit that the correspondence attached to Plaintiff's Complaint as Exhibit 15 (ECF No. 1-2 at 14) occurred. To the extent that the allegations in Paragraph 62 purport to characterize the contents of the cited document, Defendants respectfully refer the Court to that document for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

63. Defendants admit that, as of the date Plaintiff filed its Complaint, no records had been produced in response to the request appended to Plaintiff's Complaint as Exhibit 11 (ECF No. 1-2 at 5). Defendants state further that they issued a determination letter regarding the request appended to Plaintiff's Complaint as Exhibit 11 (ECF No. 1-2 at 5). The remainder of Paragraph 63 consists of legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations in this paragraph.

**COUNT I – JANUARY 30, 2020, FOIA REQUEST TO CENTCOM (HADITHA INVESTIGATION)**

64. Defendants repeat their responses to paragraphs 1 through 63.

65. Defendants admit paragraph 65.

66. Paragraph 66 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendants deny them.

67. Paragraph 67 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendants deny them.

**COUNT II – JANUARY 29, 2020, FOIA REQUEST TO DON (PROSECUTION RECORDS)**

68. Defendants repeat their responses to paragraphs 1 through 67.

69. Defendants admit paragraph 69.

70. Paragraph 70 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendants deny them.

71. Paragraph 71 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendants deny them.

**COUNT III – APRIL 18, 2020, FOIA REQUEST TO USMC (PERSONNEL FILES)**

72. Defendants repeat their responses to paragraphs 1 through 71.

73. Defendants admit paragraph 73.

74. Paragraph 74 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendants deny them.

75. Paragraph 75 consists of legal conclusions, to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, Defendants deny them.

* * *

The remainder of Plaintiff's Complaint contains Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

Dated: May 25, 2021
Washington, DC

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: _____/s/_____
SIAN JONES, D.C. Bar No. 1024062
Assistant United States Attorney
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2578
Sian.Jones@usdoj.gov

*Attorneys for the United States of America*